UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Tera Cunningham,

                Plaintiff,

**Hon. Hugh B. Scott**

04CV301Consent

                v.

**Decision
&
Order**

Town of Ellicott, et al.,

                Defendants.

Before the Court are the following motions: the plaintiff's motion to compel and for spoilation (Docket No. 45), plaintiff's motion for a protective order (Docket No. 53) and defendant's cross-motion for extension of discovery period and to reschedule trial date (Docket No. 55).

**Background**

Plaintiff, Tera Cunningham ("Cunningham"), is a former patrol officer for the Town of Ellicott. She brings this action claiming that her rights under Title VII of the 1964 Civil Rights Act (42 U.S.C. §2000 e, et seq.) were violated in that she was sexually harassed by Police Chief William Ohnmeiss while she was employed with the Town.

1

**Motion to Compel/Spoilation**

The plaintiff seeks to compel the defendants to turn over a computer server that was used by the Town of Ellicott Police Department.[1]  The plaintiff alleges that at the time she worked for the defendants, other employees of the Police Department downloaded pornography from the internet onto that server.  Prior to serving a formal discovery request for the computer server, the plaintiff's counsel sent a letter to defendant's counsel demanding that the server be preserved for discovery purposes.

The defendants represent that although the Police Department now uses a different computer server, the server in question has been preserved and is, in fact, currently still being used by the Town in a different capacity.  The plaintiff has not presented evidence of spoilation in this case.  The defendants have refused to turn over the server to the plaintiff asserting that the plaintiff is not entitled to have the server *physically* turned over to her and that the contents of the server are not relevant to the plaintiff's claims.

The plaintiff is entitled to some discovery to determine whether pornography is, or has been, stored on the computer server in question. Although the defendants have represented that a search of the server has revealed no pornography, the plaintiff is not required to rely upon the defendant's representation with respect to this information.  Subject to confidentiality conditions discussed below, the defendants shall allow the plaintiff's expert to have access to the computer so that an inspection of the contents of the server can made.  The inspection shall take place in the Town offices, and a computer specialist employed by the Town can be present at the time of

---

[1] It appears that the defendants have responded to the other discovery discussed in the motion and that the computer server is the sole item in dispute at this time.

the inspection. Counsel for both parties can also be present. The plaintiff's expert can inspect the computer for pornographic material only, and must do so in a manner that would not jeopardize other data kept on the computer in connection with Town business. The plaintiff is directed that any persons acting on behalf of the plaintiff in inspecting the server shall agree that any information accessed on the server shall be not be disclosed, except as in connection with this lawsuit. If pornography is discovered on the server in question, the plaintiff may make copies of the relevant computer files to be used in connection with this action. All such information, if any, shall be deemed confidential and may not be disclosed except upon further application to the Court in connection with these proceedings.

The inspection shall take place within 30 days of the date of this order.

**Motion for Protective Order / Modification of the Scheduling Order**

The plaintiff also seeks a protective order precluding the defendants from taking the plaintiff's deposition. The defendants served a notice to depose the plaintiff on April 3, 2006. The discovery cutoff in this case was February 17, 2006. The plaintiff contends that the notice is untimely.

The defendants cross-move for an extension of the discovery period in this case. The defendants point out that they have attempted to notice the plaintiff's deposition on more than one occasion, but that plaintiff's counsel refused to produce the plaintiff for deposition until she received responses to certain discovery requests of her own. (Docket No. 56, Exhibit E).

The motion for a protective order is denied. The motion for modification of the scheduling order is granted as follows:

3

1. Discovery shall be completed by **June 17, 2006**.

2. Dispositive motions, if any, shall be filed by **July 21, 2006**.

4. The jury selection and trial in this matter shall commence on **October 16, 2006.**

## Conclusion

The plaintiff's motion to compel (Docket No. 45) is granted in part denied in part consistent with the above. The plaintiff's motion for a protective order (Docket No. 53) is denied and the cross-motion for a modification of the scheduling order (Docket No. 55) is granted.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
May 8, 2006