UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TERA CUNNINGHAM,

                                        Plaintiff,


                        v.                                      **Hon. Hugh B. Scott**

                                                                04CV301

                                                                (CONSENT)

TOWN OF ELLICOTT, et al.,                                       **Order**

                                        Defendants.


        Before the Court is plaintiff's second motion <u>in limine</u> to preclude and exclude testimony

of undisclosed defense witnesses (Docket No. 109[1]).  The parties consented to proceed before the

undersigned as Magistrate Judge (Docket No. 28, May 2, 2005) and trial of this matter is

scheduled to begin on April 3, 2007 (Docket No. 108).

<u>BACKGROUND</u>

        Familiarity with the previous Order in this action (Docket No. 92) is presumed.  This is a

Title VII sexual harassment action by plaintiff, a former patrol officer for defendant Town of

Ellicott, New York, against the Town, the Town's Police Department, and Police Chief William

Ohnmeiss.

        Plaintiff received defendants' witness list (Docket No. 106) shortly after its filing on

March 26, 2007 (<u>see</u> Docket No. 110, Pl. Atty. Decl. ¶ 16, Ex. E), the same date as the final

_____

        [1]In support of this motion in limine, plaintiff filed her attorney's declaration with exhibits,
Docket No. 110, and memorandum of law, Docket No. 112.  In opposition, defendants filed their
attorney's declaration with exhibit, Docket No. 113.

pretrial conference in this action (see Docket No. 108), where this issue was not raised, and not

thirty days before trial as required by Rule 26(a)(1) and (3) (Docket No. 110, Pl. Atty. Decl.

¶ 25).  She now moves, under Federal Rule of Civil Procedure 26,  to strike thirty-seven

witnesses named by defendants in their witness list (Docket No. 109, Notice of Motion of

March 27, 2007).

First, she contends that defendants identified eleven individuals with discoverable

information that they may use to support their defenses and later identified four more witnesses

in supplementing their Rule 26 initial disclosures (Docket No. 112, Pl. Memo. at 1; Docket

No. 110, Pl. Atty. Decl. ¶¶ 6, 7, 19, Exs. A, B).  Defendants then submitted answers to her

interrogatories stating that all persons who had statements were disclosed in the initial disclosure

or its supplement (Docket No. 110, Pl. Atty. Decl. ¶¶ 8-9, Ex. C).  She contends that thirty-seven

new witnesses were disclosed for the first time in defendants' witness list, of the fifty-one

witnesses listed (Docket No. 110, Pl. Atty. Decl. ¶¶ 1, 5).  The only witness deposed by

defendants was plaintiff and not the other witnesses (id. ¶ 10).  Plaintiff's first motion in limine

(Docket No. 88) addressed testimony from twenty-four of defendants' witnesses (Docket

No. 110, Pl. Atty. Decl. ¶ 11).

Of the thirty-seven witnesses now named, plaintiff's counsel claims that she is not aware

of the identity or relevance of thirty of them (id. ¶ 17).  Most are listed by defendants as character

witnesses or persons who observed interactions between plaintiff and defendant Ohnmeiss (id.

¶ 2), and plaintiff contends that she would be prejudiced for the defense to introduce these

witnesses without any prior notice (id. ¶¶ 18, 24).  Relying upon her first motion in limine,

plaintiff challenges some of the witnesses as potentially testifying to areas that should be barred under her earlier arguments (id. ¶¶ 22-23).

Defendants argue that discovery was limited to the depositions of plaintiff and Thomas Geisler and that generally there were delays and inaction in discovery by plaintiff (Docket No. 113, Defs. Atty. Decl. ¶¶ 2, 10). They contend that plaintiff should not be surprised by many of the defense witnesses named, since they were identified in Daryl Brautigam's report when she commenced here EEOC claim, or were deposed by her or sought by subpoena to testify (id. ¶ 3, Ex. A, ¶¶ 4, 5). Another witness is Joseph Saeli, Esq., the attorney who responded to plaintiff's EEOC claim for the Town of Ellicott and is known to plaintiff (id. ¶ 7). Defendants intend to call as necessary up to eighteen character witnesses to attest to the character of defendant Ohnmeiss (id. ¶ 8). Witness Lucian Lodestro was an Ellicott Town Board member known to plaintiff as such and witness Robert Picket witnessed interaction between plaintiff and defendant Ohnmeiss (id. ¶ 9).

From the titles given for some of the character witnesses, it appears that some of these witnesses are law enforcement officers from neighboring municipalities (see Docket No. 106).

DISCUSSION

Rule 26(a) requires parties to submit initial disclosures of the names of persons likely to have discoverable information that the disclosing party may use in support of its claims or defenses, unless solely for impeachment, and identifying the subject of the information, Fed. R. Civ. P. 26(a)(1)(A); the disclosure of expert testimony, id. R. 26(a)(2), apparently not at issue here (although asserted by plaintiff); and pretrial disclosure of witness identities in addition to the initial disclosures made under Rule 26(a)(1) or (2), id. R. 26(a)(3)(A). This last category of

disclosure is to be done at least thirty days before trial, unless otherwise directed by the Court, id. R. 26(a)(3).  Plaintiff argues that if a party does not comply with Rule 26(a), then the evidence can be stricken and not admitted at trial, see Paradigm Sales v. Weber Mktg. Sys., 880 F. Supp. 1247 (N.D. Ind. 1995) (Docket No. 112, Pl. Memo. at 3).  Plaintiff also objects to witnesses whose testimony implicates the issues raised in her first motion in limine (see Docket No. 110, Pl. Atty. Decl. ¶ 11); the admissibility of that testimony will be discussed in the Order considering that first motion.

At issue here is thirty of fifty-one proposed defense witnesses, mostly character witnesses and whether plaintiff is prejudiced by the failure of defendants to provide disclosure about them. The fact that plaintiff chose to conduct limited discovery does not excuse the defense from their obligation to provide initial disclosures, Fed. R. Civ. P. 26(a)(1), to supplement those disclosures, id. R. 26(e), and to make timely pretrial disclosure, id. R. 26(a)(3).  Equal troubling to the Court is the fact that this dispute was not raised at the final pretrial conference, cf. W.D.N.Y. Loc. Civ. R. 16.1(f)(1) (counsel at conference shall be prepared to discuss all aspects of the case and any issue to aid in prompt disposition); Fed. R. Civ. P. 16(d) (participants at the conference "shall formulate a plan for trial, including a program for facilitating the admission of evidence"), because defendants filed their witness list almost simultaneously with the conference (see Docket No. 106, notice of electronic filing, noting that list was filed at 1:02 pm on Mar. 26, 2007; compare Docket No. 108, minute for Mar. 26, 2007, 2 pm, conference) and filed while plaintiff's counsel (both from the Rochester area) were either en route to this conference or at that conference.  It also appears that the sheer number of witnesses as to defendants' (particularly defendant Ohnmeiss) character would be cumulative in any event.

4

Nevertheless, defendants provide seven categories to justify the witnesses they intend to call and there is an eighth category of other proposed defense witnesses for which no explanation is given.  This eighth category consists of Todd Beckerink, E. Ethan Von Reyn (or Van Reyn, as spelled by defendants), and Timothy Johnson, whom were not disclosed to plaintiff and were not justified here by defendants in response to this second motion in limine to explain any lack of surprise to plaintiff.  Thus, defendants **cannot call** these witnesses.

The first defense category consists of town officials, Lucian Lodestro (Docket No. 113, Defs. Atty. Decl. ¶ 9).  Since the Town is a defendant in this action, it can appear through a representative, here the former Town Board member.  Defendants therefore can call Lodestro as a witness.

The second defense category is those witnesses named in Brautigam's report[2] (Docket No. 113, Defs. Atty. Decl. ¶ 3, Ex. A).  Plaintiff names some of these witnesses herself and intends to call Brautigam as an adverse witness (see Docket No. 110, Pl. Atty. Decl. ¶¶ 19, 20).  The report put plaintiff on notice of these witnesses and itself summarized their potential testimony (albeit presented in a hearsay summary).  Therefore, defendants **may call** these witnesses.

The third defense category is witnesses plaintiff has already deposed, Thomas Geisler (Docket No. 113, Defs. Atty. Decl. ¶¶ 2, 4).  Like the previous category, plaintiff has actual notice of this witness and, beyond the second category, has his actual testimony from his

---

[2]Mary Kroon, Kenneth Machemer, Brenda Katta, John Zuroski, Karen Okerlund, Marilyn Gerace, W. Bradley Knight, James Arnone, and Janet (or Janice) Vanstrom, Docket No. 113, Defs. Atty. Decl. ¶ 3, Ex. A.

deposition.  She should not be surprised that defendants would call him as a witness; defendants **may call** him.

The fourth defense category consists of witnesses plaintiff has subpoenaed, Douglas Switzer (subpoenaed as "David Switzer" by plaintiff), James Jarozynski (Docket No. 113, Defs. Atty. Decl. ¶¶ 6, 5).  Again, plaintiff has notice of these persons as potential witnesses if she took the step to subpoena them to testify here; defendants **may call** them as well.

The fifth defense category is attorney Joseph Saeli who was retained to represent the Town of Ellicott against plaintiff's EEOC claim (Docket No. 113, Defs. Atty. Decl. ¶ 7).  As an attorney who represented his client before the EEOC, it is unclear what he would testify to based upon his own knowledge and not that of his client.  While plaintiff may have been aware of his existence, it is surprising to call him (rather than client representatives) to testify.  Defendants did not make a proffer as to Saeli's testimony or even a summary of that testimony.  Aside from the privilege issues that may arise if (for example) he refuses to answer certain questions on cross-examination, Saeli's testimony would consist of hearsay.  Defendants, therefore, **cannot call** Saeli.

The sixth defense category consists of defense character witnesses[3] for Ohnmeiss (Docket No. 113, Defs. Atty. Decl. ¶ 8).  Plaintiff objects to these witnesses because the lack of notice of them and surprise.  But the sheer number of witnesses defendants may call may make subsequent character witnesses' testimony cumulative, becoming a parade of law enforcement officers and officials each vouching for the character of Chief Ohnmess and possibly unaware of the events at

---

[3]Joseph Gerace, Rachel Roberts, Lori Holder, Chief John Bentley, Ellen Barnes, Shawn Keppel, Charles Shaver, Tia Russo, Glenn Boskat, Chief Bradley Myers, Adam Luce, Val Pierce, Steve Vanstrom, Phil Ricotta, Gary Visosky, John Calamugi, Dr. Kahan, and Dan Fisher.

issue in this case.  Despite plaintiff's objection, defendants **may call** these character witnesses, but this Court will monitor closely the number of character witnesses the defense intends to call and curtail such testimony when it becomes cumulative.

The seventh defense category is witnesses who defendants claim are eyewitnesses to plaintiff's interactions with defendant Ohnmeiss, namely Robert Picket (Docket No. 113, Defs. Atty. Decl. ¶ 9).  Here, plaintiff is prejudiced by not learning of Picket prior to the defense witness list.  Plaintiff does not have Picket's prior testimony (sworn to in a deposition or summarized in prior EEOC proceedings or investigation) to learn what "interactions" he observed.  Therefore, defendants **cannot call** Picket.

\* \* \* \*

Therefore, following careful review of the proposed defense witnesses, defendants **cannot call** Todd Beckerink, E.Ethan Von Reyn (or Van Reyn, as spelled by defendants), Timothy Johnson, Robert Picket, and Joseph Saeli, but they may call the other witnesses indicated in their witness list (Docket No. 106).  Of the thirty challenged defense witnesses, defendants may not call five of them.  Further, the Court will monitor closely the number of character witnesses the defense intends to call and curtail such testimony when it becomes cumulative.

<u>CONCLUSION</u>

For the reasons stated above, plaintiff's second motion <u>in limine</u> (Docket No. 109), is

**granted in part, denied in part** as to the witnesses to be excluded or allowed to testify as

indicated above.

So Ordered.

_____/s/ Hugh B. Scott_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 3, 2007

8