UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TERA CUNNINGHAM,

                                Plaintiff,


                                                              **Hon. Hugh B. Scott**

                        v.                                    04CV301

                                                              (CONSENT)

TOWN OF ELLICOTT, et al.,                                     **Order**

                                Defendants.


        Before the Court is plaintiff's first motion <u>in limine</u> to preclude and exclude evidence

pertaining to plaintiff's work conduct and her consensual sexual activities (Docket No. 88[1]).  The

parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 28, May 2,

2005) and trial of this matter is scheduled to begin on April 2, 2007 (Docket No. 108; <u>see</u> Docket

No. 104).


                                    <u>BACKGROUND</u>

        Familiarity with the previous Order in this action (Docket No. 92) is presumed.  This is a

Title VII sexual harassment action by plaintiff, a former patrol officer for defendant Town of

---

        [1]In support of this motion in limine, plaintiff filed her attorney's declaration with exhibits,
Docket Nos. 89 (with appendix, Exs. A-C), 90 (Ex. D); memorandum of law, Docket No. 91; and
reply memorandum, Docket No. 103.  The reply memorandum appears to be identical to the
initial memorandum.  Plaintiff also noted this motion in her second motion <u>in limine</u>, Docket
No. 110, plaintiff's attorney declaration, pointing out that defense has not moved <u>in camera</u>
pursuant to Rule 412 to have the testimony at issue with this motion admitted, <u>id.</u> ¶ 23.
        In opposition, defendants filed their attorney's declaration, Docket No. 93; memorandum
of law, Docket Nos. 100 (amended), 98.

Ellicott, New York, against the Town, the Town's Police Department, and Police Chief William Ohnmeiss.

Plaintiff moves to preclude questioning of her regarding her conduct with coworkers and others as contained in defendants' sexual harassment investigation, deposition testimony, and responses to the Equal Employment Opportunity Commission for her supervisory quid pro quo and hostile environment claim (Docket No. 91, Pl. Memo. at 1; Docket No. 89, Pl. Atty. Decl. Exs. A-C). She objects under Federal Rules of Evidence 412, 404, and 401.

First, she contends that her past consensual sexual behavior (either with fellow police department employees or outside of work) is irrelevant and should not be admitted into evidence under Federal Rule of Evidence 412 (Docket No. 91, Pl. Memo. at 2, 4). She seeks to exclude excerpts from a sexual harassment investigation by Daryl Brautigam, Esq., where he cites several police department employees and others surrounding plaintiff's allegations (see Docket No. 89, Pl. Atty. Decl. Ex. A; see also Docket No. 97, Pl. Pretrial Statement (identifying investigation as Exhibit 301). She separately objects to these witnesses in her second motion in limine (Docket No. 110, Pl. Atty. Decl. ¶ 11; see also Docket No. 1__, Order of Apr. 3, 2007).

She urges exclusion of evidence about her relationships with other coworkers aside from defendant Ohnmiess under Rule 404 (Docket No. 91, Pl. Memo. at 4). She also argues that evidence of her work conduct generally (such as car to car radio transmission transcripts) should be excluded (id. at 2-3; Docket No. 90 (Ex. D)). She also wants excluded the car to car transcripts as being irrelevant (Docket No. 89, Pl. Atty. Decl. ¶ 9). She wants excluded evidence of defendants' treatment of other employees as irrelevant to her claim under Federal Rule of

Evidence 401 (Docket No. 91, Pl. Memo. at 6-7).  Finally, she seeks exclusion of evidence of collateral benefits, again under Rule 401 (id. at 8).

Defendants argue that plaintiff's work place conduct is relevant to her sexual harassment portion of her supervisory quid pro quo and hostile environment claim (Docket No. 93, Defs. Atty. Decl. ¶ 5).  They argue that the car to car transcripts of plaintiff's Exhibit D contain plaintiff's graphic language while on duty (id. ¶ 4).  They contend that Robert Ward's statements that plaintiff wants suppressed (see Docket No. 89, Pl. Atty. Decl. ¶ 12 a.) are similar to those attributed to Ohnmeiss by plaintiff (Docket No. 93, Defs. Atty. Decl. ¶ 6).  They contend that expected testimony from Sergeant Matthew Kabinski and Brad Widen should be admitted because they are relevant to plaintiff's retaliation claim and the evaluation of her job performance and role within the police department (id. ¶ 7).  They claim that their inquiry into plaintiff's sexual activities only within the confines of her employment, that is affairs with other Town of Ellicott police officers or those known to Ellicott police department witnesses (id. ¶ 8), that one particular affair may have had a detrimental effect on her ability to interact with her co-workers (id.).  They also argue that evidence of defendants' treatment of other employees and Brautigam's investigation report are relevant due to the absence of corroboration of plaintiff's claims (id. ¶¶ 9-12, 14).  Finally, defendants were unclear what plaintiff meant by collateral benefits, suggesting that the Court reserve the relevance of any collateral source testimony for determination at trial (id. ¶ 13).

DISCUSSION

Under Federal Rule of Evidence 412, evidence is not admissible to prove a victim's sexual predisposition or to prove that a victim engaged in other sexual behavior, Fed. R.

Evid. 412(a).  An exception allows admission of evidence offered to prove the sexual behavior or

sexual predisposition of any alleged victim where the evidence is otherwise admissible and "its

probative value substantially outweighs the danger of harm to any victim and unfair prejudice to

any party" and where reputation evidence can only come in if it is placed in controversy by the

victim, id. R. 412(b)(2).  As another district court noted, the purpose of this rule is to "safeguard

the alleged victim against the invasion of privacy, potential embarrassment and sexual

stereotyping that is associated with public disclosure of intimate sexual details and the infusion

of sexual innuendo into the factfinding process," Fitzpatrick v. QVC, Inc., No. 98-CIV-3815,

1999 WL 1215577, at *2 (E.D. Pa. Dec. 7, 1999).  But prior to admitting this evidence, the party

intending to offer it must file a written motion at least fourteen days prior trial specifically

describing the evidence and stating the purpose for which it is offered and serve the motion upon

all parties and notify the alleged victim, Fed. R. Civ. P. 412(c)(1).  The proponent's failure to

make the written notice of its intention to offer such evidence is grounds for denial of the offer of

proof, see United States v. Eagle Thunder, 893 F.2d 950, 954 (8th Cir. 1990).  The Court then

must conduct, in camera, a hearing with the victim and the parties, Fed. R. Evid. 412(c)(2).  Rule

412 applies to Title VII actions alleging sexual harassment, Fed. R. Evid. 412, Advisory Comm.

Note to 1994 Amends. (1994); Wolak v. Spucci, 217 F.3d 157, 160 (2d Cir. 2000).  Evidence of

off duty, outside the workplace sexual activity generally is irrelevant and inadmissible, Holt v.

Welch Allyn, Inc., No. 95CV1135, 2000 WL 98118, at *1 (N.D.N.Y. Jan. 11, 2000); Barta v.

City and County of Honolulu, 169 F.R.D. 132, 136 (D. Haw. 1996); see also Burns v. McGregor

Elec. Indus., Inc., 989 F.2d 959, 963 (8th Cir. 1993) (holding that plaintiff's choice to pose for a

nude magazine after work hours is not material to issue whether plaintiff found her employer's conduct offensive).

In general, evidence of a person's character "is not admissible for the purpose of proving action in conformity therewith on a particular occasion," Fed. R. Evid. 404(a), except to attack the credibility of a party or witness, id. 404(a)(3) (citing Fed. R. Evid. 607, 608).

Defendants, however, have not submitted for in camera review the evidence at issue in this motion. Their response to the motion in limine does not provide the notice required by Rule 412. On this basis alone, plaintiff's motion should be granted. In addition, defendants fail to describe specifically the evidence they intended to present (such as proffers as to what each witness may testify regarding plaintiff's sexual activities), presenting instead the general allegation of an affair with one officer. Defendants also failed to show, despite the bases for admitting this testimony, whether its probative value substantially outweighs the prejudice to plaintiff. Defendants' proposed testimony shifts the focus of the case from whether or not defendant Ohnmeiss harassed plaintiff to whether plaintiff's promiscuity (in effect) deserved whatever treatment she received by defendants.

The admission of plaintiff's sexual history is irrelevant "except to prove a sexual disposition of plaintiff, a purpose plainly forbidden by Rule 412," Chamblee v. Harris & Harris, Inc., 154 F. Supp. 2d 670, 680 (S.D.N.Y. 2001). Unlike Spina v. Forest Preserve of Cook County, No. 98 C 1393, 2001 WL 1491524, at *8-9 (N.D. Ill. Nov. 23, 2001), where the district court denied a similar motion in limine because the evidence of plaintiff's affair with a co-worker was rumored at their place of work and was deemed relevant to the egregiousness of defendants' conduct and admissible under Rule 412(b)(2), here no connection has been made between

plaintiff's purported affair and defendants' knowledge of it or its relevance or relationship to the alleged harassment by Chief Ohnmeiss. They fail to show, for example, that plaintiff's affair with another officer somehow made her welcome to the advances of Chief Ohnmeiss, cf. Beard v. Flying J Inc., 116 F. Supp. 2d 1077, 1085-86 (S.D. Iowa 2000); Meritor Sav. Bank FSB v. Vinson, 477 U.S. 57, 69 (1986) ("sexually provocative speech or dress" is "obviously relevant" in sexual harassment cases) (cited in Beard, supra, 116 F. Supp. 2d at 1086). The prejudicial nature of this evidence outweighs its probativeness. Therefore, plaintiff's motion in limine on this evidence–including Brautigam's investigation report–is **granted**.

Defendants argue, however, that plaintiff's sexually charged statements heard by potential defense witnesses and her inter car communications goes to refute her hostile work environment claim (Docket No. 93, Defs. Atty. Decl. ¶ 5), presumably that she gave back as much as she claimed that she received in allegedly inappropriate sexual statements. Plaintiff's initiation of inappropriate, sexually charged language could be admissible to refute her claim, see Mangrum v. Republic Indus., Inc., 260 F. Supp. 2d 1229, 1253-53 (N.D. Ga.), aff'd, 88 Fed. Appx. 390 (11th Cir. 2003); Reed v. Shepard, 939 F.2d 484, 491-92 (7th Cir. 1991). Thus, the car to car transcripts from plaintiff (Docket No. 89, Ex. D) and testimony from witnesses to plaintiff's graphic language are admissible, but statements made by other persons on those transcripts are not relevant.

<u>CONCLUSION</u>

For the reasons stated above, plaintiff's first motion in limine (Docket No. 88), is **granted in part, denied in part**.

So Ordered.

6

/s/ Hugh B. Scott
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      April 3, 2007